## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-232 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Brennan Walter Thomas, | |
| Defendant. | |

This matter is before the Court on Defendant Brennan Walter Thomas's motions for discovery, disclosure, and other non-dispositive relief (ECF Nos. 18-30). The Government did not file any motions. The Court will address Mr. Thomas's Motion to Suppress Evidence as a Result of Illegal Search & Seizure (ECF No. 31) in a separate report and recommendation upon receiving and reviewing the parties' additional briefing. Based on the non-dispositive motions, and on the entire file, the Court enters the following Order.

**I.      Motion for Disclosure of 404 Evidence (ECF No. 18)**

Mr. Thomas moves for disclosure of Rule 404(b) evidence no later than 60 days before trial. The Government objects and states that it will disclose such evidence 2 weeks before trial. Mr. Thomas's motion is **GRANTED IN PART**. The Government shall provide the notice required by Rule 404(b) at least **21 days** before trial, but the Court encourages the Government to disclose such evidence as soon as practicable to avoid unnecessary delays. The notice requirement does not apply to evidence that is inextricably intertwined with the offense conduct charged.

1

**II.     Motion to Compel Evidence Favorable to Defendant (ECF No. 19) and Motion for Disclosure of Impeaching and Exculpatory Evidence (ECF No. 25)**

Mr. Thomas's motions to compel the Government to disclose evidence that is: (1) favorable to him (ECF No. 19); and (2) impeaching or exculpatory (ECF No. 25) are **GRANTED** to the extent required by *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny.  These cases impose affirmative and ongoing disclosure obligations on the Government.

**III.     Motion for Disclosure of Grant Jury Transcripts (ECF No. 20)**

Mr. Thomas's motion to inspect and copy all minutes and transcripts of the Grand Jury that returned his Indictment is **GRANTED IN PART**.  "It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.  This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury."  *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted).  "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Mr. Thomas has not made any showing of a particularized need for grand jury materials.  However, insofar as any grand jury testimony of trial witnesses falls under the Jencks Act, 18 U.S.C. § 3500, the Government must produce those materials when required under the Jencks Act.  The Government has agreed to provide Mr. Thomas any such previously undisclosed material no later than three business days before trial. To avoid trial delays, the Court encourages production of any such materials sooner, if possible.

### IV.  Motion for Disclosure of Informants (ECF No. 21)

Mr. Thomas's Motion for an order requiring the Government to disclose the identity of any informant is **GRANTED IN PART**.  The Government denies the use of any informant in this case, and Mr. Thomas's Motion is denied to that extent.  Should discovery later reveal the use of any informant, however, consistent with *Rovario v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 352 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any informant who was a material witness to or participant in the charged conduct and make such informant available within **10 days before trial.**

### V.  Motion for Early Disclosure of Jencks Act Material (ECF No. 22)

Mr. Thomas's motion for early disclosure of Jencks Act material is **DENIED**.  *United States v. White*, 750 F.2d 726, 728–29 (8th Cir. 1984).  However, the Government has agreed to voluntarily provide any previously undisclosed Jencks Act material to Mr. Thomas no later than three business days before trial.  The Court encourages the Government to disclose its Jencks Act material as soon as possible to avoid unnecessary delays at trial and to promote the fairness of the proceedings.

### VI.  Motion for Early Disclosure of Witness and Exhibit Lists (ECF No. 23)

Mr. Thomas seeks disclosure of the Government's witness and exhibit lists 120 days prior to trial. Mr. Thomas is not entitled to early disclosure of the Government's witnesses and exhibits. *See United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial."); *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial."); *see also, e.g., United States v. Sandoval-Rodriguez*, 452 F.3d 984, 990 (8th Cir. 2006) ("As a general rule, a defendant in a noncapital case

has no right to require disclosure of government witnesses."). The Government must, however, comply with any order the District Judge may enter with respect to trial.  Mr. Thomas's motion is therefore **GRANTED IN PART AND DENIED IN PART**. The Government must produce its witness and exhibit lists at the appropriate time as required by the District Judge's trial order. Mr. Thomas's motion is otherwise denied.

**VII.  Motion for Discovery Inspection of Expert Witness Testimony (ECF No. 24)**

Mr. Thomas's motion is **GRANTED** insofar as the Government shall provide discovery to the extent required by Rules 16 and 26.2 of the Federal Rules of Civil Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), the Jencks Act, 18 U.S.C. § 3500, and all other applicable statutory and constitutional rules.  This motion is superfluous since the Court previously ordered production of expert discovery pursuant to Rules 16(a)(1)(G) and 16(b)(1)(C).  (ECF No. 11 ¶ 4.) As previously ordered, the following deadlines shall apply:

a. Initial expert disclosures: 28 days prior to trial.

b. Rebuttal expert disclosures: 14 days prior to trial.

**VIII.  Motion for Notice of Government Intention to use Residual Hearsay Exception (ECF No. 26.)**

Mr. Thomas's motion, pursuant to Fed. R. Evid. 807, for the Government to provide notice of its intent to rely upon the residual hearsay exception 30 days in advance of trial and for the names and addresses of those making hearsay statements is **GRANTED IN PART**.  Rule 807 provides that a residual hearsay statement is admissible "only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including the substance and the declarant's names—so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). "The notice must be provided in writing before the trial or hearing—or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." *Id.*  The Court **GRANTS**

Mr. Thomas's motion insofar as the Government shall comply fully with its obligations under Federal Rule of Evidence 807 and provide the required disclosure no later than **28 days** before trial. To the extent Mr. Thomas seeks disclosures outside the Government's obligations under Rule 807, including the declarant's address, his motion is **DENIED**.

**IX.     Motion for Counsel to Participate in Voir Dire (ECF No. 27)**

Mr. Thomas's motion that his attorney participate in jury voir dire is **DENIED WITHOUT PREJUDICE**. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *report and recommendation adopted*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Mr. Thomas may present his motion directly to the District Judge at a later time if he so chooses.

**X.     Motion for Government Agents to Retain Rough Notes (ECF No. 28)**

Mr. Thomas's motion for Government agents to retain rough notes is **GRANTED**. This motion is superfluous, since the Court previously ordered the Government to preserve the rough notes of the law enforcement officers who participated in the investigation of this case. (ECF No. 11 at ¶ 5.) Disclosure of rough notes is not required at this time.

**XI.    Motions For Leave to File Additional Pretrial Motions (ECF Nos. 29, 30)**

Mr. Thomas's motion for leave to file additional pretrial motions (ECF No. 29) and his amended motion seeking the same, but specifically citing a potential competency and mental illness defense (ECF No. 30), are **DENIED WITHOUT PREJUDICE**. The Court declines to issue blanket permission to file additional pretrial motions. Should Mr. Thomas find some

5

particularized reason to file additional motions, including a motion to determine Mr. Thomas's mental competency, he can move to file any such motion when appropriate. To the extent Mr. Thomas seeks to extend deadlines or continue the proceedings for any reason, he must simultaneously file a statement of facts and a motion to exclude time under the Speedy Trial Act.

Dated: October 4, 2023　　　　　　　　　　　*s/ Dulce J. Foster*
　　　　　　　　　　　　　　　　　　　　　　DULCE J. FOSTER
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge