UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,             Criminal No. 23-232 (DWF/DJF)

           Plaintiff,

v.             **ORDER ADOPTING REPORT AND RECOMMENDATION**

Brennan Walter Thomas,

           Defendant.

## INTRODUCTION

Defendant Brennan Walter Thomas moves to suppress search and seizure evidence (Doc. No. 31) and to dismiss the indictment (Doc. No. 48.)  In a Report and Recommendation ("R&R"), Magistrate Judge Dulce J. Foster recommended denying both motions.  (Doc. No. 51.)  Thomas filed an objection to the R&R.  (Doc. No. 52.)  After an independent review of the record and objection, the Court adopts the Magistrate Judge's R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that Thomas was not under de facto arrest "when three police officers converged on him with weapons drawn and apprehended him because they believed he had a gun." (Doc. No. 51 at 11.) The Magistrate Judge reasoned that the officers had "reasonable suspicion that Mr. Thomas was in possession of a dangerous weapon" and therefore "were allowed to take reasonable measures to protect their personal safety." (*Id.* at 12-13.) The Magistrate Judge further concluded that the officers had reasonable suspicion to conduct a *Terry* stop. (*Id.* at 14-20.) Because Thomas resisted the pat-down search, the officers had probable cause to arrest him and conduct a search incident to arrest. (*Id.* at 13.) Lastly, the Magistrate Judge recommended denying Thomas's motion to dismiss the indictment because the Eighth Circuit has held that § 922(g)(1) is constitutional. (*Id.* at 20.)

Thomas objects to the R&R. He argues that there was insufficient reasonable suspicion to support a *Terry* stop. Additionally, he argues that the police conducted a de facto arrest because "the officers' actions were more intrusive than necessary for an investigative stop." (Doc. No. 52 at 1-2.) Thomas also contends that even if the initial stop was an investigative stop, the police did not have probable cause to arrest Thomas for obstructing the legal process, because he "began complying with the commands to stop and put his hands up." (*Id.* at 3.) Lastly, Thomas objects to the R&R's recommendation that his motion to dismiss be denied in order to preserve his right to appeal.

First, Thomas asserts that the officers did not have reasonable suspicion to justify an investigatory stop. He asserts that both of the 911 calls were anonymous and none of

2

the claims were corroborated by the Milestone Cameras. He further contends that "the police were suffering from confirmation bias when they mistook a rectangular object, a cell phone, to be a possible gun in Mr. Thomas's right pocket." (*Id.* at 5.) Thomas has not presented any new arguments related to this issue. Rather, his argument is the same argument he presented to the Magistrate Judge. The Magistrate Judge thoroughly considered this argument in the R&R and rejected it.

"[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528. U.S. 119, 123 (8th Cir. 2000). "[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

The Court agrees with the Magistrate Judge that the officers had reasonable suspicion to conduct a *Terry* stop based on the following evidence: "(1) two 911 callers described a man fitting the same description as having a gun and acting aggressively; (2) Mr. Thomas was in a high-crime area; (3) police verified the 911 callers' information using the Milestone Cameras; (4) officers independently saw what could have been a firearm in Mr. Thomas's pocket and waistband; and (5) Mr. Thomas walked away from the officers when they asked him to stop." (Doc. No. 51 at 14.) Thomas asserts that the 911 callers were anonymous, but as the R&R notes, both callers "provided enough information to make themselves identifiable." (*Id.* at 15.) The first caller said that he was the manager of the nearby liquor store, and the second caller's phone number was

3

written in the incident report. Moreover, as the R&R states, the two callers corroborated each other by providing similar information. The officers also observed from the Milestone Camera footage what appeared to be a handgun in Thomas's waistband or pocket. While Thomas asserts that this was a cellphone, the Court concludes that, based on the totality of the information that officers knew at the time, their suspicion that the object could be a gun was reasonable. The officers had reasonable articulable suspicion to warrant a *Terry* stop.

Next, Thomas argues that the police conducted a de facto arrest. Thomas asserts that "[m]ultiple squad cars arrived on-scene" and three officers ran towards Thomas "[w]hile brandishing weapons." (Doc. No. 52 at 2.) He argues that this was unreasonable given that "nothing in the real-time surveillance video corroborated what the second 911 Caller was reporting." (*Id.*)

An investigatory stop can become an arrest "if officers use unreasonable force." *United States v. Johnson*, 31 F.4th 618, 623 (8th Cir. 2022) (internal quotations and citation omitted). "Officers may, however, take reasonable measures to protect their safety," including brandishing weapons. *Id.* When determining the reasonableness of an officer's actions, "the issue is whether the officer has an objectively reasonable concern for officer safety or suspicion of danger." *Id.* (internal quotations and citation omitted). In this case, the officers had an objectively reasonable concern for officer safety, as they reasonably believed that Thomas was armed. "It is well established that officers may reasonably draw weapons during a *Terry* stop when the defendant is suspected of

carrying a weapon—even if the defendant is otherwise cooperative." *Id.* The use of force here was not unreasonable and thus the stop did not become an arrest.

Additionally, Thomas argues that the officers did not have probable cause to arrest him. As noted above, the officers had reasonable suspicion that Thomas possessed a firearm, which justified a pat-down for weapons. Video evidence shows that Thomas did not cooperate as the officers attempted to conduct the search, and thus officers were able to arrest Thomas for obstructing the legal process and conduct a search incident to arrest.

And lastly, Thomas objects to the R&R's recommendation that his motion to dismiss be denied. Thomas argues that § 922(g) violates the Second Amendment. In *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023), the Eighth Circuit "concluded that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant. The longstanding prohibition on possession of firearms by felons is constitutional." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). The Court is bound by this Eighth Circuit precedent.

The Court therefore adopts the Magistrate Judge's R&R and denies Thomas's motion to dismiss and motion to suppress search and seizure evidence.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Thomas's objection (Doc. No. [52]) to Magistrate Judge Dulce J. Foster's December 13, 2023, Report and Recommendation is **OVERRULED**.

    2.    Magistrate Judge Dulce J. Foster's December 13, 2023, Report and Recommendation (Doc. No. [51]) is **ADOPTED**.

    3.    Thomas's motion to suppress search and seizure evidence (Doc. No. [31]) is **DENIED.**

    4.    Thomas's motion to dismiss the indictment (Doc. No. [48]) is **DENIED**.

Dated:  February 7, 2024                      s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge